UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Sherburne Commons, Inc., | ) |
| | ) Case No 08-18026 (WCH) |
| _____ Debtor. | ) |

## ORDER (I) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF

Upon the joint motion (the "Sale Motion") of Sherburne Commons, Inc., the above-captioned debtor and debtor-in-possession ("Sherburne" or the "Debtor") and Sovereign Bank ("Sovereign"), for entry of an Order (a) approving the sale of substantially all of Debtor's assets (the "Acquired Assets") to Servant Healthcare Investments, LLC, or its assigns ("Servant" or "Buyer") pursuant to the Purchase and Sale Agreement dated October 5, 2009, as may be amended (the "Asset Purchase Agreement"), free and clear of all Liens,[1] Claims, and Interests, (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Contracts") in connection therewith and with the Plan (as defined herein), and (c) granting related relief, pursuant to sections 105(a), 363(b), (f) and (m), 365, 1123(a)(5)(D), 1141(c) and 1146 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2002, 3007, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-5, 6004-1, and 6001-1

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement.

of the Local Rules (the "Local Rules") for the United States Bankruptcy Court for the District of

Massachusetts; and this Court, having determined that the relief requested in the Sale Motion is

in the best interests of Debtor, its estate, its creditors, the community of Nantucket, and other

parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing

therefor; the Court, having previously entered the order on October 9, 2009 [Docket No. 335]

(the "Sale Procedures Order") approving certain sale and auction procedures (the "Sale

Procedures"), including a Break-Up Fee and Expense Reimbursement in favor of Buyer;

adequate notice of the Sale Motion and of the hearing to consider the Sale Motion held on

October 30, 2009 (the "Sale Hearing") was given pursuant to the Sale Procedures Order and the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no

further notice need be given; no Qualified Bids having been received for the Acquired Assets,

and Debtor (in consultation with and upon the consent of Sovereign and the Official Committee

of Unsecured Creditors (the "Committee")) having selected Buyer as the Successful Bidder; and

the Court, having held the Sale Hearing to consider the Sale Motion; and upon consideration of

the Sale Motion, all exhibits annexed thereto and the testimony, documentary evidence, offers of

proof (to the extent consented to by the parties), the arguments of counsel, all prior pleadings and

proceedings made herein, and the stipulations of the parties (including the agreement of counsel

for Debtor, Sovereign, Buyer, the Committee and the Office of the United States Trustee on the

form and substance of this Order); good cause otherwise having been shown for the relief

requested, it appearing that the relief requested in the Sale Motion is in the best interest of

Debtor, its estate and its creditors,

LACA_2382225.1

## THE COURT HEREBY FINDS, DETERMINES AND CONCLUDES THAT:[2]

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction to consider the Sale Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory predicates for the relief sought in the Sale Motion are (i) sections 105(a), 363(b), (f), (m) & (n), 365, 1123, 1141 and 1146 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014; and (iii) Local Rules 2002-5, 6004-1 and 6006-1 of the United States Bankruptcy Court for the District of Massachusetts.

E. Proper, timely, adequate and sufficient notice of the Sale Procedures Order, the Sale Procedures, the Sale Motion, the Auction, and the Sale Hearing was given in accordance with sections 102, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 6006, Local Rules 2002-5, 6004-1 and 6006-1, as modified by the Sale Procedures Order where applicable, and in compliance with the Sale Procedures Order. Actual

---

[2] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

LACA_2382225.1

written notice of the Sale Procedures Order, the Sale Procedures, the Auction, the Sale Motion and the Sale Hearing and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein (the "Sale Notice") has been afforded to, and served upon, all interested Persons, Entities, and other parties in interest, including, but not limited to: (1) the Office of the United States Trustee; (2) Buyer and its counsel; (3) counsel for the Committee; (4) all creditors either listed on Debtor's mailing matrix or who filed a proof of claim; (5) Sovereign and its counsel; (6) all Persons and entities that have asserted, or Debtor reasonably believes may assert, any Liens, Claims or Interests in or upon the Acquired Assets; (7) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in this Sale Motion; (8) the Internal Revenue Service; (9) the Executive Office of Elder Affairs; (10) the Treasurer for the Town of Nantucket and its counsel, (11) the Board of Selectman for the Town of Nantucket; (12) counsel to the Town of Nantucket;  (13) the office of the Massachusetts Attorney General; (14) all current and former residents of Sherburne Commons and their counsel, if known; (15) entities entitled to notice pursuant to the Bankruptcy Code or any order entered by the Bankruptcy Court limiting notice; (16) all counter parties to executory contracts and unexpired leases to be assumed that are included in the Assumed Obligations; and (17) all prospective bidders as identified by B.C. Ziegler and Company ("Ziegler") as a result of its marketing efforts (the "Core Notice Parties"). Debtor also served notice by publication in the Boston Globe in accordance with the Sale Procedures Order (the "Publication Notice").  The Sale Notice and Publication Notice constitute good and sufficient notice of the Sale Procedures Order, Sale Procedures, Sale Motion, Sale Hearing, and Auction, and no other or further notice of the Sale Motion, Sale Procedures Order, Sale Procedures, Sale Hearing, or Auction, or the entry of this Order need be given.

4

F.  Proper, timely, adequate and sufficient written notice of the assumption and assignment of the Assumed Contracts (if any) was provided in accordance with sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6006(c) and 9014. The foregoing notice constitutes good, appropriate and sufficient notice, and no other or further notice of the assumption and assignment of the Assumed Contracts (if any) is or shall be required.

G.  Debtor has demonstrated good, sufficient, and sound business purpose and judgment and compelling circumstances to sell the Acquired Assets and assume and assign the Assumed Contracts (if any) pursuant to (i) sections 363, 365, 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code, (ii) the Asset Purchase Agreement, a copy of which is attached hereto as **Exhibit A**, and incorporated herein by this reference, and (iii) a Chapter 11 Plan.

H.  Debtor (i) has afforded interested parties a full, fair and reasonable opportunity to make a higher and better offer to purchase the Acquired Assets, and to assert an objection to, or be heard regarding, the relief requested in the Sale Motion; and (ii) has provided potential buyers, upon request, sufficient information to enable them to make an informed judgment on whether to submit a bid for the Acquired Assets.

I.  The Sale of the Acquired Assets conducted by Debtor and its advisors was non-collusive, fair and reasonable and conducted in good faith. Having received no Qualified Bids from any Qualified Bidders by October 23, 2009, at 6:00 p.m. Eastern Time (the "Bid Deadline"), Debtor (in consultation with and upon the consent of Sovereign and the Committee) determined that Buyer submitted the highest and best offer for the Acquired Assets and selected Buyer as the Successful Bidder without conducting an Auction in accordance with

5

the Sale Procedures Order. The marketing and opportunity to conduct an Auction resulted in the

highest value for the Acquired Assets for Debtor and its estate.

      J.  The Asset Purchase Agreement was offered in good faith, from arms'

length bargaining positions negotiated by and between counsel for Debtor, Buyer, Sovereign,

and the Committee without collusion or fraud, by the parties.

      K.  Debtor and its advisors have diligently and in good faith marketed the

Acquired Assets to secure the highest and best offer or offers therefor. The total consideration

provided for in the Asset Purchase Agreement entered into with Buyer, and the transactions

contemplated thereby, represent a fair and reasonable purchase price and constitute the highest

and best offer obtainable for the Acquired Assets, and constitutes (a) reasonably equivalent value

under the Bankruptcy Code and (b) reasonably equivalent value, fair consideration and fair value

under any other applicable laws of the United States, any state, territory or possession, or District

of Columbia, for the Acquired Assets.

      L.  The Asset Purchase Agreement must be approved promptly in order

to preserve the value of the Acquired Assets (the Debtor's use of Cash Collateral expires on

December 8, 2009), and to obtain all non-bankruptcy approvals, in order to timely close a sale of

the Acquired Assets. The Asset Purchase Agreement presents the best opportunity to realize the

value of the Acquired Assets and avoid further decline and devaluation of the Acquired Assets,

and the Asset Purchase Agreement and the closing thereunder will provide a greater recovery for

Debtor's creditors than would be provided by any other presently available alternative.

      M. Buyer has acted in good faith in this matter, and is a good faith

purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the

protections set forth in section 363(m) of the Bankruptcy Code.

6

N. Neither Debtor nor Buyer has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. Buyer is not an "insider" or "affiliate" of Debtor (as such terms are defined in section 101 of the Bankruptcy Code).

O. With respect to any and all Persons, Entities, creditors, governmental units, or parties in interest asserting any Liens, Claim or Interests on the Acquired Assets, of any nature or extent, as such terms are defined in the Asset Purchase Agreement (i) applicable non-bankruptcy law permits sale of such property free and clear of such Liens, Claims and Interests; (ii) such Persons, Entities, governmental units, creditors and parties in interest, have consented to the Sale and transfer of the Acquired Assets (including, without limitation, all of the Debtor's rights, licenses, permits and agreements required for the ongoing operations of the Facility as more particularly described in the Asset Purchase Agreement), free and clear of all Liens, Claims and Interests, with such Liens, Claims and Interests being subject to treatment as prescribed in the Chapter 11 Plan filed by Debtor and/or Sovereign (the "Plan"), subject to confirmation of such Plan, or by separate order of this Court; (iii) the price at which such property is to be sold is greater than the aggregate value of all Liens on such property; (iv) such Liens are in bona fide dispute; and/or (v) such Persons, Entities, governmental units, creditors or parties in interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Liens; so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Liens, Claims or Interests who did not object or who withdrew their objections to the Sale Motion are deemed to have consented to the Sale Motion and the relief requested therein pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens, Claims or

LACA_2382225.1

Interests who did object fall within one or more of the subsections of section 363(f) of the

Bankruptcy Code, and are adequately protected by having their Liens, if any, attach to the

proceeds of the Sale and treated in accordance with the Plan.

P.  Debtor has demonstrated that it is an exercise of its sound business

judgment to assume and assign the Assumed Contracts set forth in **Exhibit B** hereto to Buyer, as

may be amended by Buyer in its sole discretion to add Additional Assumed Contracts or remove

any existing Assumed Contracts at any time prior to Closing (collectively, the "Assumed

Contracts"), and that the assumption and assignment of the Assumed Contracts is in the best

interest of Debtor and its chapter 11 estates.

Q.  The assumption and assignment of the Assumed Contracts to Buyer

is subject to all the provisions of the Asset Purchase Agreement as modified by this Order.  Each

and every provision of the Assumed Contracts or applicable non-bankruptcy law that purport to

prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning,

assignment of any of the Assumed Contracts will be satisfied or are otherwise unenforceable

under section 365 of the Bankruptcy Code.

R.  Under all the circumstances presented, (i) all actions contemplated in

the Asset Purchase Agreement (with the exception of all plan confirmation issues, including, but

not limited to, classification and treatment of claims, which will be addressed at the Plan

Confirmation Hearing); (ii) consummation of all acts contemplated in this Order; (iii) the transfer

and sale of the Acquired Assets by Debtor to Buyer; (iv) the assumption and assignment to

Buyer of the Assumed Contracts; (v) payment of the Purchase Price, and (vi) payment to Ziegler

of certain fees and expenses contemplated in that certain engagement letter dated November 26,

2008, between the Debtor and Ziegler and in the order of this Court authorizing Zeigler's

8

engagement in this chapter 11 case as modified by the Asset Purchase Agreement and as may be further modified by side letter, are in the best interests of Debtor and its estates and creditors, and other parties in interest.

S.  The provisions of sections 105(a), 363, 365, 1123(a)(5)(D), 1141(c) and 1146 of the Bankruptcy Code have been complied with as they are applicable to the transfer of the Acquired Assets and the assumption and assignment of the Assumed Contracts by Debtor to Buyer.

T.  The Sale of the Acquired Assets and assumption and assignment of the Assumed Contracts, complies with all applicable non-bankruptcy law for purposes of sections 363(d)(1), 541(f) and 1129(a)(16) of the Bankruptcy Code, including, without limitation, Massachusetts statutes, regulations or other rules applicable to the Facility or to CCRC's, assisted living facilities or skilled nursing facilities within the Commonwealth of Massachusetts (including, without limitation, Massachusetts General Laws Chapter 180, Section 8A, Massachusetts General Laws Chapter 93, Section 76, and 940 CMR 4.04(8)). Notice of the proposed sale of the Acquired Assets and all related transactions to the Massachusetts Attorney General was sufficient and complied with applicable Massachusetts law.

U.  A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Acquired Assets, has been afforded to all Persons, Entities, governmental units, creditors and interested parties.

V.  Except with respect to the Assumed Obligations (if any), the Closing and the consummation of the transactions contemplated by the Asset Purchase Agreement shall not subject Buyer to any liability whatsoever with respect to the pre-petition or post-petition

9

operation of the business by Debtor or its agents. Buyer is not holding itself out to the public as

a continuation of Debtor, and no common identity of incorporators, directors, or stockholders

exists between Buyer and Debtor. Pursuant to the Asset Purchase Agreement, Buyer is not

purchasing all of Debtor's assets. The transactions contemplated by the Asset Purchase

Agreement do not amount to a consolidation, merger, or *de facto* merger of Buyer and Debtor

and/or Debtor's estate, there is not substantial continuity between Buyer and Debtor, there is no

continuity of enterprise between Debtor and Buyer, Buyer is not a mere continuation of Debtor

or Debtor's estate, and Buyer does not constitute a successor to Debtor or Debtor's estate. Upon

the Closing, Buyer shall be deemed to have assumed only the liabilities expressly assumed in the

Asset Purchase Agreement. Except for those Assumed Obligations (if any), Buyer's acquisition

of the Acquired Assets shall be free and clear of any successor liability or transferee claims of

any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the

Closing. The Court finds that Buyer would not have acquired the Acquired Assets but for the

foregoing protections against potential claims based upon successor liability theories.

W. The sale and transfer of the Acquired Assets and assumption and

assignment of the Assumed Contracts to Buyer is an important and central component of the

Plan, and accordingly, constitute transactions exempt from stamp taxes, land bank fees, or other

transfer taxes pursuant to section 1146(a) of the Bankruptcy Code.

X. Except as otherwise provided in the Asset Purchase Agreement and

this Order, the Acquired Assets shall be sold free and clear of all Liens, Claims, and Interests

(including, without limitation any Liens, Claims or Interests held or asserted by Sovereign, any

other secured creditor or judgment lienholder, and the holders of any mechanics' liens or claims,

or similar statutory liens or claims), other than Assumed Obligations, with such Liens, Claims,

10

and Interests attaching to the proceeds of the sale in their preexisting order of priority or as set forth by order of the Court.

Y.    Neither the execution of the Asset Purchase Agreement nor the consummation of the transactions contemplated thereby will constitute a violation of any provision of the Debtor's organizational documents, or any other instrument, law, regulation or ordinance by which Debtor is bound.

Z.    Debtor has full corporate power and authority to execute, deliver, and comply with the Asset Purchase Agreement and all other documents contemplated thereby, and the sale of the Acquired Assets and the other transactions contemplated by the Asset Purchase Agreement have been duly and validly authorized by all necessary action. Debtor has all the power and authority necessary to consummate the Sale of the Acquired Assets to Buyer and the other transactions contemplated by the Asset Purchase Agreement, and no consents or approvals are required other than those expressly provided for in the Asset Purchase Agreement and this Order.

AA.    The Sale and transfer of the Acquired Assets to Buyer will be a legal, valid and effective Sale and transfer of the Acquired Assets, and, except as may otherwise be provided in the Asset Purchase Agreement, shall vest Buyer with all right, title and interest of Debtor to the Acquired Assets free and clear of any and all Liens, Claims, and Interests, other than Assumed Obligations (if any). Except as specifically provided in the Asset Purchase Agreement as modified by this Order, Buyer shall not assume or become liable for any Liens, Claims, and Interests relating to the Acquired Assets being sold by Debtor.

BB.    The transfer of the Acquired Assets to Buyer free and clear of all Liens, Claims, and Interests, other than the Assumed Obligations, will not result in any undue

11

burden or prejudice to any holders of any such Liens, Claims, and Interests as all such Liens.

Claims, and Interests of any kind or nature whatsoever shall attach to the proceeds of the sale in

their preexisting order of priority, or as set forth by order of this Court. All Persons, Entities,

governmental units, creditors, and interested parties having or asserting any Liens, Claims, or

Interests of any kind or nature whatsoever against or in Debtor or the Acquired Assets shall be.

and are hereby, forever barred estopped and permanently enjoined from pursuing or asserting

such Liens, Claims, or Interests against Buyer, any of its assets, property, successors or assigns,

or the Acquired Assets, other than the Assumed Obligations.

CC.    The sale and transfer of the Acquired Assets and assumption and

assignment of the Assumed Contracts (if any) to Buyer is an important and central component of

the Plan, and accordingly, Debtor may sell the Acquired Assets and assume and assign any

Assumed Contracts to Buyer free and clear of any and all Liens, Claims, and Interests and

Assumed Obligations (if any), pursuant to sections 363(b)(1), 363(f), 1123(a)(5)(D), 1141(c) and

1146(a) of the Bankruptcy Code.

DD.    Buyer shall have no obligations with respect to any liabilities of

Debtor other than the Assumed Obligations (if any) under the Asset Purchase Agreement.

EE. As of the Closing under the Asset Purchase Agreement, Debtor will

have paid the Cure Amounts for the Assumed Contracts (if any) as set forth on **Schedule B**

hereto, or made adequate provision for the prompt cure of such defaults, and Buyer will have

provided each of the counterparties to any Assumed Contracts with adequate assurance of future

performance pursuant to section 365 of the Bankruptcy Code. Therefore, no uncured default

shall exist under any Assumed Contracts, nor shall there exist any event or condition which, with

the passage of time or the giving of notice, or both, would constitute such a default under any

12

Assumed Contracts. Upon assignment and sale to Buyer, the Assumed Contracts (if any) shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

FF. Time is of the essence in consummating the Sale. In order to maximize the value of Debtor's assets, it is essential that the sale of the Acquired Assets occur within the time constraints set forth in the Asset Purchase Agreement, as amended.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Sale Motion is hereby **GRANTED** in all respects, subject to the terms and conditions contained herein.

2. All objections, responses, and requests for continuance with regard to the relief sought in the Sale Motion that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits in accordance with the terms of this Order.

3. Notice of the Sale Motion, Sale Hearing, Sale Procedures, Sale Procedures Order, Auction, and Sale was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1), 363 and 365, 1123(a)(5)(D), 1141(c), and 1146, Bankruptcy Rules 2002, 4001, 6004 and 6006, and Local Rules 2002-5, 6004-1, and 6006-1, as modified by the Sale Procedures Order where applicable, and in compliance with the Sale Procedures Order.

4. The terms and conditions of the Asset Purchase Agreement, as they relate to the Sale of the Acquired Assets and assumption and assignment of the Assumed Contracts, an executed copy of which is attached hereto, marked as **Exhibit A**, and incorporated herein by this reference, and any related agreements (with the exception of the Liquidating Trust Agreement and the Settlement Agreement which shall be addressed at the Plan Confirmation Hearing) documents, and amendments thereto, and the Sale of the Acquired Assets and assumption and

13

assignment of the Assumed Contracts contemplated thereby, are hereby authorized and approved as they relate to the Sale as modified by this Order, pursuant to sections 105 a), 363(b), (f). (m), and (n), 365, 1123(a)(5)(D), 1141(c) and 1146 of the Bankruptcy Code.

5.   Subject to confirmation of the Plan, pursuant to sections 105(a). 363(b), (f), (m). and (n), 365, 1123(a)(5)(D), 1141(c) and 1146 of the Bankruptcy Code, and subject to the other provisions of this Order and the Asset Purchase Agreement, Debtor is hereby authorized and empowered to fully assume, perform under, consummate and implement the terms of the Asset Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Asset Purchase Agreement and sale of the Acquired Assets contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer, or reducing to possession any or all of the Acquired Assets or Assumed Obligations, as may be necessary or appropriate to the performance of Debtor's obligations as contemplated by the Asset Purchase Agreement, without any further corporate action or orders of this Court. In connection therewith, Debtor is hereby authorized to instruct, direct and cause their directly and indirectly owned subsidiaries and affiliates to take any and all actions, issue such documents and resolutions, cause such filings, and do such things as may be necessary and appropriate to implement and effectuate the Asset Purchase Agreement and the transactions contemplated therein and thereby, without the necessity of further order of this Court. Debtor's obligations to Buyer under the Asset Purchase Agreement shall constitute or be deemed to give rise to administrative expenses of Debtor's estates under sections 503(b) and 507(a)(i) of the Bankruptcy Code, to the extent set forth in the Sale Procedures Order.

14

6.    Debtor shall be, and hereby is, authorized and empowered, pursuant to sections 105, 363(b) and (f), 1123(a)(5)(D), 1141(c) and 1146(a) of the Bankruptcy Code, to sell the Acquired Assets to Buyer upon delivery of the consideration specified in the Asset Purchase Agreement and completion of all other deliveries required at the Closing and the satisfaction of all conditions under the Asset Purchase Agreement (including, without limitation. the entry of a Final Order confirming the Plan (the "Confirmation Order"), which shall ratify, approve and incorporate this Order).  The sale of the Acquired Assets shall vest Buyer with all right, title and interest of Debtor to the Acquired Assets free and clear of any and all Liens, Claims, and Interests, other than the Assumed Obligations (if any).  All such Liens, Claims, and Interests in or against the Acquired Assets are hereby removed from the Acquired Assets and shall be treated in accordance with the Plan.

7.    Subject to the delivery by Buyer of the consideration specified in the Asset Purchase Agreement and completing all other obligations and deliveries required under the Asset Purchase Agreement, effective as of the Closing, (a) the sale of the Acquired Assets by Debtor to Buyer shall constitute a legal, valid and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any Person or Entity, and shall vest Buyer with all right, title and interest of Debtor in and to the Acquired Assets, free and clear of all Liens, Claims, and Interests, other than the Assumed Obligations, pursuant to sections 363(f), 1123(a)(5)(D), 1141(c) and 1146(a) of the Bankruptcy Code; and (b) the assumption of any Assumed Obligations by Buyer shall constitute a legal, valid and effective delegation of any Assumed Obligations to Buyer and shall divest Debtor of all liability with respect to any Assumed Obligations other than Debtor's obligation to pay the Cure Amounts, if any.

LACA_2382225.1

8. All Persons or Entities, presently or on or after the Closing Date in possession of some or all of the Acquired Assets are directed to surrender possession of the Acquired Assets to Buyer on the Closing Date or at such time thereafter as Buyer may request.

9. The Sale of the Acquired Assets to Buyer under the Asset Purchase Agreement will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions.

10. Subject to the delivery by Buyer of the consideration specified in the Asset Purchase Agreement and completing all other obligations and deliveries required under the Asset Purchase Agreement, on the Closing Date Ziegler is entitled to payment in cash in immediately available funds an amount equal to $292,578 (subject to an increase of no more than $422 for additional expenses exceeding the $17,578 of expenses already included in the $292,578 payment) from the proceeds of the sale of the Acquired Assets to the Buyer free and clear of any liens and claims (including but not limited to any lien or security interest of Sovereign) on or to the Acquired Assets or such proceeds.

11. Subject to entry of a Final Order confirming the Plan in accordance with the Asset Purchase Agreement, pursuant to sections 105(a), 363, 1123(a)(5)(D), 1141(c) and 1146 of the Bankruptcy Code, all Persons, Entities and Governmental Units (as defined in sections 101 15), 101(27), and 101(41) of the Bankruptcy Code including, without limitation, the Massachusetts Attorney General and all current and former residents of Sherburne Commons, and any other creditor or party in interest of the Debtor, are hereby enjoined from pursuing any Lien, Claim or Interest against Buyer or its assigns (and their current and former officers, directors, members, employees, agents, stockholders, managers, affiliates, partners, counsel, advisors, heirs, predecessors, successors, parents, subsidiaries, affiliates, executors, administrators, assigns

16

servants, and/or professionals) (collectively, the "Buyer Parties"), and from otherwise taking any action against the Buyer Parties to recover any Liens, Claims, or Interests that such Person, Entity, creditor, governmental unit, or party in interest has or may assert against Debtor, the Acquired Assets, or the Assumed Contracts (except with respect to the Assumed Obligations), as such Liens, Claims, or Interests exist, arose, accrue, or otherwise relate to the period immediately prior to the Closing, and from all liabilities retained by the Debtor.

12. Buyer has not assumed and is otherwise not obligated for any of Debtor's liabilities other than the Assumed Obligations (if any) as set forth in the Asset Purchase Agreement, and Buyer has not purchased any of the Excluded Assets. Consequently, all holders of Liens, Claims, or Interests based upon or arising out of liabilities retained by Debtor are hereby enjoined from asserting or prosecuting any Liens, Claims, or Interests or causes of action against the Buyer Parties or the Acquired Assets to recover on account of any liabilities other than Assumed Obligations (if any) pursuant to the Asset Purchase Agreement. All persons holding or asserting any Lien, Claim or Interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens, Claims, or Interests or cause of action against the Buyer Parties or the Acquired Assets for any liability associated with the Excluded Assets.

13. At the Closing, Debtor is hereby authorized to assume and assign the Assumed Contracts, subject only to (a) Debtor's payment of all Cure Amounts and/or other payments or actions required to assume and assign the Assumed Contracts to Buyer; and (b) Buyer's right to add or exclude, in its sole discretion, any and all Assumed Contracts from Schedule 2.3(a) of the Asset Purchase Agreement at any time prior to Closing. To the extent Buyer adds or excludes any Assumed Contracts from the definition of Assumed Contracts, Debtor shall file a revised

17

Schedule 2.3(a) to the Asset Purchase Agreement with the Court and provide proper and

adequate notice thereof, unless such revised Schedule 2.3(a) has otherwise been filed and served.

14. Buyer has provided adequate assurance of its future performance under the Assumed

Contracts and the proposed assumption and assignment of the Assumed Contracts satisfies the

requirements of the Bankruptcy Code including, sections 365(b)(l) and (3) and 365(f) of the

Bankruptcy Code to the extent applicable.

15. Pursuant to sections 365(b)(l)(A) and (B) of the Bankruptcy Code, and except as

otherwise provided in this Order, Debtor shall promptly pay or cause to be paid to the parties to

any Assumed Contracts the requisite Cure Amounts, if any, set forth on file with the Court, or

such lesser amount as may be agreed upon between Debtor or Buyer and the counter-party to an

Assumed Contract, following the assumption and assignment thereof.

16. The Assumed Contracts are valid and binding, in full force and effect, and

enforceable in accordance with their terms. Any provision in any Assumed Contract that

purports to declare a breach, default or payment right as a result of an assignment or a change of

control in respect of Debtor is unenforceable, and all Assumed Contracts shall remain in full

force and effect, subject only to payment of the appropriate Cure Amount, if any. No sections or

provisions of any Assumed Contract or applicable non-bankruptcy law that purports to provide

for additional payments, penalties, charges, stamp taxes, land bank fees, other transfer taxes, or

other financial accommodations in favor of the non-debtor, third party to the Assumed Contracts

shall have any force and effect with respect to the sale transaction and assignments authorized by

this Order, and such provisions constitute unenforceable anti-assignment provisions under

section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e)

of the Bankruptcy Code and no assignment of any Assumed Contract pursuant to the terms of the

18

Asset Purchase Agreement shall in any respect constitute a default under any Assumed Contract. The non-Debtor party to each Assumed Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and Buyer shall enjoy all of the rights and benefits under each such Assumed Contract as of the applicable date of assumption without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

17. Except as may be provided in this Order, upon the assumption and assignment thereof, and except for allowed claims for Cure Amounts payable by Debtor under an Assumed Contract, each non-debtor party to an Assumed Contract, shall be forever barred and enjoined from asserting against Debtor, their bankruptcy estates or the Buyer Parties (a) any default monetary or non-monetary, existing as of the Closing Date; or (b) any objection to the assumption and assignment of such non-debtor party's Assumed Contracts, whether or not such non-debtor party filed a proof of claim.

18. The provisions of this Order authorizing the sale of the Acquired Assets free and clear of Liens, Claims, and Interests, and assumption and assignment of the Assumed Contracts, shall be self-executing upon confirmation of the Plan and satisfaction of all other conditions to Closing as set forth in the Asset Purchase Agreement as modified by this Order, and neither Debtor nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.  However, Debtor and Buyer, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either Debtor or Buyer deem necessary or appropriate to implement and effectuate the terms of the Asset Purchase Agreement and this

19

Order. Moreover, effective as of the Closing, Buyer, its successors and assigns, shall be designated and appointed Debtor's true and lawful attorney and attorneys, with full power of substitution, in Debtor's name and stead, on behalf and for the benefit of Buyer, its successors and assigns, to demand and receive any and all of the Acquired Assets and to give receipts and releases for and in respect of the Acquired Assets, or any part thereof, and from time to time to institute and prosecute in Debtor's name, for the benefit of Buyer, its successors and assigns, any and all proceedings at law, in equity or otherwise, which Buyer, its successors and assigns, may deem proper for the collection or reduction to possession of any of the Acquired Assets, and to do all acts and things with respect to the Acquired Assets which Buyer, its successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by Debtor.

19. Neither the Buyer Parties, nor their affiliates, successors or assigns, is a "successor" to Debtor or its bankruptcy estates by reason of any theory of law or equity and shall not assume, nor be deemed to assume, nor in any way be responsible for, any liability or obligation of Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, transferee, or similar liability in any respect regarding the Debtor's assets or its business operations within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations). Without limiting the generality of the foregoing, the Buyer Parties shall have no liability or obligation on any theory of law or equity, including, without limitation, any theory of successor or transferee liability (including, but not limited to, claims arising in or under Massachusetts statutes, regulations or other rules applicable to the Facility or to CCRC's, assisted living facilities or skilled nursing

facilities within the Commonwealth of Massachusetts (including, without l mitation,

Massachusetts General Laws Chapter 180, Section 8A, Massachusetts General Laws Chapter 93,

Section 76, and 940 CMR 4.04(8))), ERISA, the WARN Act (29 U.S.C. §§ 210 *et seq.*), the

Comprehensive Environmental Response Compensation and Liability Act (" CERCLA"), the

Resources Conservation and Recovery Act ("RCRA"), OSHA, or any other foreign, federal, state

or local labor, employment, tax, environmental, or other law or regulation by virtue of Buyer's

purchase of the Acquired Assets or assumption of any Assumed Obligations. Except to the

extent Buyer assumes the Assumed Obligations, Buyer shall not assume and/or be liable for,

accept, agree to perform, pay, discharge or indemnify the Debtor against or otherwise have any

responsibility to the Debtor or any creditor or interested party for, any Liens  Claims or Interests,

of or against the Debtor, the Acquired Assets or the Assumed Contracts (wh ch arise, accrue or

otherwise relate to the period prior to Closing), including, without limitation, any Liens, Claims

or Interests asserted by Sovereign, any other secured creditor or judgment l enholder, the Office

of the Massachusetts Attorney General, the Town of Nantucket, the Nantucket Islands Land

Bank, and the holders of any mechanics' liens or claims, or similar statutory liens or claims,

whether the same are known or unknown, existing, contingent upon future events or

circumstances, accrued, funded, unfunded, fixed, or otherwise.

20. Except to the extent expressly included in the Assumed Obligations and the Asset

Purchase Agreement, pursuant to sections 105, 363, 1123(a)(5)(D). 1141(c) and 1146(a) of the

Bankruptcy Code, all Persons, Entities, governmental units, creditors and parties in interest,

including, but not limited to, Debtor, the Official Committee of Unsecured Creditors, former or

current residents (including, the EF Current Residents), all debt security ho ders, equity security

holders, Debtor's employees or former employees, governmental, tax and regulatory authorities,

the Massachusetts Attorney General, the Nantucket Islands Land Bank, Sovereign, any other lender or secured parties, holders of mechanics' liens or claims, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, or Interest of any kind or nature whatsoever against, in or with respect to Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to Debtor, the Acquired Assets, the Assumed Contracts, the operation of Debtor's business prior to the Closing Date or the transfer of the Acquired Assets and assumption and assignment of the Assumed Contracts to Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, Claim, or Interest against the Buyer Parties, the Acquired Assets or the Assumed Contracts (except with respect o any obligations of Buyer under the Assumed Contracts that arise from and after the Closing Date). For the avoidance of doubt, the foregoing shall not prevent Debtor, its estate, successors or permitted assigns from pursuing claims, if any, against Buyer and/or its successors and assigns in accordance with the terms of the Asset Purchase Agreement as modified by this Order.

21. Pursuant to an agreement between Sovereign, Debtor and Buyer, the Outside Closing Date is hereby extended to December 15, 2009, subject to the right to further extend the Outside Closing Date (a) without further action by the Court, upon agreement of the Debtor, Buyer, Sovereign and the Committee, or (b) upon order of the Court.

22. Subject to the terms of the Asset Purchase Agreement, the provisions of the Asset Purchase Agreement and any related agreements or documents may be waived, modified, amended, or supplemented by agreement of Debtor and Buyer, with the consent of Sovereign and upon reasonable notice to the Committee without further action of the Court, provided that

22

any such waiver, modification, amendment, or supplement is in writing, and is not material and substantially conforms to and effectuates the Asset Purchase Agreement and any related agreements.

23. Except with respect to the Assumed Obligations (if any), nothing in this Order or the Asset Purchase Agreement shall require Buyer to (a) continue or maintain in effect, or assume any liability in respect of any employee, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which Debtor is a party or have any responsibility therefor including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment; or (b) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee pension plan or the termination of any such plan.

24. The post-confirmation transfer of Acquired Assets pursuant to the Asset Purchase Agreement as modified by this Order, and the post-confirmation transactions contemplated thereby, including without limitation the assumption and assignment of the Assumed Contracts under a plan confirmed under section 1129 of the Bankruptcy Code, are a central component of a chapter 11 plan for Debtor and as such, in accordance with section 1146(a) of the Bankruptcy Code, the making or delivery of any instrument of transfer to effectuate the Asset Purchase Agreement and the post-confirmation transactions contemplated thereby, shall not be taxed under any law imposing a stamp tax or a sale, transfer or any other similar tax, including without limitation fees, if any, sought to be imposed by the Nantucket Islands Land Bank, and the recordation of any instruments (including, without limitation, bills of sale, leases, assignments and amendments thereto) to evidence the sale of the Acquired Assets and assumption and assignment of the Assumed Contracts, shall not be subject to any such tax, fee, lien, or similar

LACA_2382225.1

stamp or transfer tax on Debtor's bankruptcy estate, Sovereign, the proceeds of the Sale, the Acquired Assets, the Assumed Contracts, or Buyer.

25. Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of Debtor with respect to the Acquired Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Buyer as of the Closing Date.

26. All of Debtor's right, title and interest in the Acquired Assets to be acquired by Buyer under the Asset Purchase Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in Buyer. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets acquired by Buyer under the Asset Purchase Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Acquired Assets to Buyer.

27. This Court hereby retains exclusive jurisdiction to: (A) interpret and enforce the provisions of this Order, the Asset Purchase Agreement, and all other related agreements and documents; (B) to resolve any dispute concerning this Order, the Asset Purchase Agreement, and all other related agreements and documents, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Asset Purchase Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Acquired Assets and any Assumed Contracts and all issues and disputes arising in connection with the relief authorized herein; (C) to compel delivery of the Acquired Assets (including the Assumed Contracts) to Buyer; and (D) to protect Buyer, or the

24

Acquired Assets, from and against any Liens, Claims and Interests arising from or related to the

Sale of the Acquired Assets and assumption and assignment of the Assumed Contracts. To the

extent there are any inconsistencies between the terms of this Order and the Asset Purchase

Agreement or any related agreements or documents, the terms of the Order shall control.

28. The transactions contemplated by the Asset Purchase Agreement have been bargained

for and undertaken by Buyer and Debtor at arms' length, without collusion, and in good faith

within the meaning of section 363(m) of the Bankruptcy Code. As such, Buyer is hereby granted

and is entitled to the protections provided to a good faith buyer under section 363(m) of the

Bankruptcy Code, including with respect to any transfer of any Assumed Contracts as part of the

sale of the Acquired Assets pursuant to section 365 of the Bankruptcy Code and this Order.

29. The Sale approved by this Order is not subject to avoidance pursuant to section

363(n) of the Bankruptcy Code.

30. This Order shall be effective and enforceable upon satisfaction of the conditions set

forth in the Asset Purchase Agreement, as they relate to the Sale of the Acquired Assets and

assumption and assignment of the Assumed Contracts, as modified by this Order, including,

without limitation, entry of this Order and the Confirmation Order (which shall ratify, approve

and incorporate this Order), both of which shall become Final Orders.

31. This Order shall inure to the benefit of Buyer, the Debtor's bankruptcy estate and

Sovereign, and their respective successors and assigns including, but not limited to, any chapter

11 or chapter 7 trustee that may be appointed in Debtor's case, and shall be binding upon any

trustee, party, entity or fiduciary that may be appointed in connection with his bankruptcy case

or any other or further case involving Debtor, whether under chapter 7 or chapter 11 of the

Bankruptcy Code.

25

32. In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon transfer of the Assumed Contracts to Buyer, (i) Buyer shall have all of the rights of Debtor thereunder and each provision of such Assumed Contracts shall remain in full force and effect for the benefit of Buyer notwithstanding any provision in any such Assumed Contracts or in applicable law that prohibits, restricts or limits in any way such assignment or transfer and (ii) neither the Assumed Contracts may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transaction contemplated by the Asset Purchase Agreement.

33. If any Person or Entity that has filed a financing statement or other documents or agreements evidencing a Lien, Claim, or Interest on the Acquired Assets shall not have delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to Debtor prior to the Closing, then Debtor and Buyer shall be and hereby are authorized to execute such termination statements, instruments of satisfaction, releases and other documents on behalf of the Person or Entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Acquired Assets free and clear of Liens, Claims, and Interests shall be self-executing, and notwithstanding the failure of Buyer, Debtor, or any other party to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Asset Purchase Agreement with respect to the sale of the Acquired Assets and the assumption and assignment of the Assumed Contracts, all Liens, Claims, and Interests on the Acquired Assets and the Assumed Contracts shall be and hereby are deemed to be divested, terminated, and discharged.

26

34. This Order shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets, including without limitation the Assumed Contracts. Each and every federal, state, and local governmental agency or department or office is hereby authorized to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

35. Debtor is hereby authorized in accordance with section 365 of the Bankruptcy Code to (i) sell, assume, assign, and transfer to Buyer the Assumed Contracts (if any) pursuant to the provisions of sections 363, 1123(a)(5)(D), 1141(c), 1146(a) and 365 of the Bankruptcy Code, free and clear of any and all Liens, Claims, and Interests , and (ii) execute and deliver to Buyer such assignment documents as may be necessary to sell, assign, and transfer the Assumed Contracts (if any).

36. On or before the Closing and as provided in the Asset Purchase Agreement, Debtor shall pay the Cure Amounts due, if any, on the Assumed Contracts necessary to cure any existing default under the Assumed Contracts or take such other action as will ensure the prompt cure of any such existing default. Other than payment of such Cure Amounts, if any, no other action needs to be taken with respect to any of the Assumed Contracts in order for Debtor to assume the Assumed Contracts under sections 365(b) and 365(f)(2) of the Bankruptcy Code.

LACA_2382225.1

37. The Assumed Contracts shall, upon assumption and assignment to Buyer, be deemed to be valid and binding and in full force and effect and enforceable by Buyer in accordance with their respective terms. Pursuant to section 365 of the Bankruptcy Code, Debtor shall be relieved, from the date of its assignment, from any further liability with respect to the Assumed Contracts, except with respect to payment of the Cure Costs, if any. Buyer shall not, as a result of such assignment, assume any liability under the Assumed Contracts for events occurring, accruing or otherwise relating to the period prior to Closing.

38. Debtor is hereby authorized and empowered and, upon entry of the Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement the Asset Purchase Agreement and any transaction contemplated thereby. Debtor shall cooperate with and take all actions reasonably requested by Buyer to effectuate the Asset Purchase Agreement and any transaction contemplated thereby.

39. All of the transactions and actions contemplated by this Order are properly authorized under sections 105(a), 363, 365, 1123, 1141 and 1146 of the Bankruptcy Code, and shall become effective upon satisfaction of all conditions to Closing under the Asset Purchase Agreement as modified by this Order including, without limitation, the entry of the Confirmation Order and this Order which shall become Final Orders.

40. The failure specifically to include or refer to any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and approved in its entirety.

41. The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Asset Purchase

28

Agreement and the provisions of this Order. Debtor irrevocably waives any right to seek any modification of this Order without the prior written consent of Buyer, and no such consent shall be implied by any other action, inaction, or acquiescence by Buyer.

42. This Order shall be effective, and the parties may consummate the transactions contemplated by the Asset Purchase Agreement, upon (a) satisfaction of al conditions in the Asset Purchase Agreement, as they relate to the Sale of the Acquired Assets and assumption and assignment of the Assumed Contracts, (b) the Court's entry of this order and the Confirmation Order in form and substance acceptable to Buyer, Sovereign and Debtor (which ratifies, approves and incorporates this Order in its entirety), and (c) this Order and the Confirmation Order becoming Final Orders.

43. Nothing contained in this Order shall require Buyer to close the Sale of the Acquired Assets, assume the Assumed Contracts, or otherwise perform any obligations under the Asset Purchase Agreement as modified by this Order, unless and until all conditions set forth in the Asset Purchase Agreement have been satisfied, or otherwise waived by Buyer in writing, including, without limitation, (a) this Court's entry of a Confirmation Order (which ratifies, approves, and incorporates this Order) in a form and substance acceptable to Buyer, and (b) this Order and the Confirmation Order becoming Final Orders.

Dated: November _3_, 2009

Honorable William C. Hillman
United States Bankruptcy Judge

LACA_2382225.1